UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

INTERNATIONAL SUPPLY, LLC and
INTERNATIONAL FRAMERS, LLC;
                                  *plaintiffs,*

v.                                            Case:

HUDSON MERIDIAN CONSTRUCTION GROUP, LLC;
                                  *defendant.*     September 15, 2022

## COMPLAINT
## and
## DEMAND FOR JURY TRIAL

The plaintiffs, International Supply, LLC and International Framers, LLC, by their attorney, Michael J. Leventhal, for their Complaint against the defendant, Hudson Meridian Construction Group, LLC ("Hudson Meridian"), seeking damages for breach of contract, promissory estoppel, breach of the implied duty of good faith and fair dealing, and violation of the Connecticut Unfair Trade Practices Act, allege as follows:

### Parties

*Plaintiffs*

1)     International Supply is a Connecticut limited liability company with its office at 100 Water Street in Naugatuck, Connecticut.

2)     International Framers is a Connecticut limited liability company with its office at 100 Water Street in Naugatuck, Connecticut.

*Defendant*

3)     Hudson Meridian is a New York limited liability company with its office at 61 Broadway on the 7th Floor in New York, New York and is registered with the Connecticut Secretary of State as a foreign limited liability company.

## Jurisdiction and Venue

4) Both plaintiffs are citizens of the State of Connecticut.

5) The defendant is a citizen of the State of New York.

6) The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 USC § 1332.

7) Pursuant to CGS § 52–59b, this Court has jurisdiction over the defendant because it: (a) transacts business in Connecticut; (b) has committed tortious acts within Connecticut; and (c) has committed tortious acts outside Connecticut causing injury to the plaintiffs within Connecticut and Hudson Meridian regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Connecticut and expects or should reasonably expect its tortious act to have consequences in Connecticut and derives substantial revenue from interstate or international commerce.

8) Venue is appropriate in the District of Connecticut pursuant to 28 USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to the plaintiffs' claims occurred in this District.

## General Allegations

9) On April 2019, there were two contiguous parcels of land in New Haven assigned the addresses of 201 Munson Street and 23 Shelton Avenue ("Property") that comprised 12.74 acres in area and were owned, as tenants in common, by the Delaware limited liability company, MelanieChinMunson LLC; by the Delaware limited liability company, LinMunson LLC; by the Delaware limited liability company, GFT New Haven LLC; by the Delaware limited liability company, CindyChinMunson LLC; by the Delaware limited liability company, HM New Haven LLC; and by the Delaware limited liability company, ShermanChinMunson LLC (collectively, the "Former Property Owners").

10)    In 2019, the Former Property Owners were engaged in the design and construction of a multifamily project on the Property known as the Science Park Apartments (the "Project").

11)    The Former Property Owners engaged Hudson Meridian to be the prime contractor for the Project.

12)    In late July 2019, Hudson Meridian contacted International Framers to explore its interest in submitting a budget for the wood framing part of the Project that was based upon the defendant's schematic drawings.

13)    Thereafter until early September 2019, as the defendant would develop and amend the Project schematic drawings and specifications, it would send them to International Framers and International Framers would provide the defendant budgets for the work and materials based on those drawings and specifications.

14)    In September 2019, the defendant sent International Framers the complete Project plans and, after further exchanges showing changes to the complete plans, on October 18, 2019, International Framers submitted its bid for the Project.

15)    The defendant then requested, and International Framers complied with, technical changes to the bid form to include alternate pricing.

16)    Thereafter, the defendant and International Framers continued to discuss details of the Project plans and specification as it related to International Framers work and materials. In mid-December 2019, the defendant and International Framers met at the defendant's White Plains office to discuss the final details and price.

17)    After the meeting in White Plains, the defendant accepted International Framers' bid for the Project and the parties entered into an agreement.

18)    The defendant indefinitely suspended the Project following the government restrictions imposed at the commencement of the COVID 19 pandemic.

19) In late 2021, the defendant contacted International Framers to resume the Project.

20) The defendant informed International Framers that it wished to have a bid and agreement for the Project wood framing labor and a separate bid and agreement for the materials necessary for the framing.

21) The defendant informed International Framers that Hudson Meridian was securing financing for the Project because it now had an equity interest in the Project.

22) The parties discussed the difficulty of determining the materials costs as the price for such materials was steadily increasing at the time with no decrease anticipated in the foreseeable future.

23) The defendant informed International Framers that it was essential that the price for the labor and the costs for the materials be immediately established and agreed upon so that Hudson Meridian could complete its negotiation for the Project financing.

24) International Supply was organized in January 2021.

25) International Supply informed the defendant of the costs for Project materials but that it was necessary to secure contracts immediately before the costs rose.

26) On February 8, 2022, the defendant wrote to International Supply: "Please see attached [letter of intent] LOI for the material supply. Please sign the attached LOI and return as soon as possible. The contract amount of $6,911,000.00 includes an $150,000 allowance for necessary hardware and an allowance credit of $100,000 for anticipated Value engineering of the framing materials. You will be able to invoice monthly for material deposits that can be scheduled in advance so that your 10 day payment terms with your suppliers can be satisfied. We are in the process of assembling your formal and complete contract and will be sending it to you in the near future for execution."

27) International Supply requested the defendant make a change to the LOI but later on February 8, the defendant replied that: "I can't change the letter of intent as I need to show it to the Bank with

that contract amount. I will issue you a contract tomorrow which will state there is a $150,000 allowance included for necessary hardware and an add alternate for $100,000 if the Value Engineering for the reduction of stud quantities is not achievable and approved by the architect/engineer. We can work on the wording in the contract so all are comfortable."

28) In reliance on the defendant's promise made in its February 8 emails, International Supply signed and returned the letter of intent to the defendant.

29) In reliance on the defendant's promise made in its February 8 emails, International Supply entered into agreements with suppliers for the materials necessary for the Project framing.

30) International Framers signed and returned to the defendant a letter of intent for the Project framing labor.

31) Despite International Supply's repeated requests, the defendant never prepared and sent to International Supply a contract for the materials.

32) On May 13, 2022, six warranty deeds were recorded in the New Haven Land Records whereby the Former Property Owners or their successors conveyed their entire interest in the Property to 201 Munson Borrower LLC.

33) Upon information and belief, 201 Munson Borrower LLC is an affiliate of Hudson Meridian.

34) On June 16, 2022, the defendant sent a letter to International Supply rescinding and terminating its commitment to execute an agreement for the Project materials as stated in the letter of intent.

35) On June 16, 2022, the defendant also sent a letter to International Framers rescinding and terminating its commitment to execute an agreement for the Project labor as stated in the letter of intent.

## COUNT ONE
**(International Supply – Breach of Contract)**

The allegations recited in ¶¶ 1 - 35 above are incorporated into this Count and show:

36) International Supply agreed to sell materials for the Project to Hudson Meridian.

37) Hudson Meridian agreed to purchase materials from International Supply for the Project.

38) Hudson Meridian repudiated the agreement with International Supply.

39) International Supply has been damaged by Hudson Meridian's breach of the agreement.

## COUNT TWO
**(International Supply – Promissory Estoppel)**

The allegations recited in ¶¶ 1–35 above are incorporated into this Count and show:

36) Hudson Meridian promised to purchase materials from International Supply for the Project.

37) International Supply changed its position in justifiable reliance upon the Hudson Meridian's promise.

38) Hudson Meridian should reasonably have expected International Supply to change its position.

39) Injustice can be avoided only by enforcement of Hudson Meridian's promise to pay for the materials.

## COUNT THREE
**(International Framers – Breach of Contract)**

The allegations recited in ¶¶ 1–35 above are incorporated into this Count and show:

36) International Framers agreed with Hudson Meridian to provide labor for the Project.

37) Hudson Meridian agreed to pay International Framers for the labor provided for the Project.

38) Hudson Meridian repudiated the agreement with International Framers.

39) International Framers has been damaged by Hudson Meridian's breach of the agreement.

## COUNT FOUR
### (Violation of the Implied Duty of Good Faith and Fair Dealing)

The allegations recited in ¶¶ 1–35 above are incorporated into this Count and show:

36) The agreements Hudson Meridian made with International Supply and International Framers carry with them an implied duty of good faith and fair dealing in addition to the express obligations set forth in those agreements.

37) The implied duty of good faith and fair dealing requires that Hudson Meridian not do anything outside the demands of justice and good conscience to injure the right of International Supply and International Framers.

38) Hudson Meridian engaged in conduct designed to mislead or to deceive the plaintiffs.

39) Hudson Meridian neglected or refused to fulfill its duty and obligation to execute the formal written agreements with the plaintiffs.

40) Hudson Meridian acted in bad faith with an improper motive and dishonest purpose regarding the plaintiffs' participation in the Project.

## COUNT FIVE
### (Violation of the Connecticut Unfair Trade Practices Act)

The allegations recited in ¶¶ 1–40 in Count Four are incorporated into this Count and show:

41) The defendant's actions concerning the plaintiffs' participation in the Project were unfair and deceptive.

42) The defendant's actions were performed in the conduct of trade or commerce;

43) The defendant's actions were the proximate cause of harm to the plaintiffs.

## Demand for Relief

Wherefore, the plaintiffs' prayer for relief is that this Court render judgment in their favor as follows:

A. damages suffered by the plaintiffs caused by the defendant's breach of the agreements;

B. damages suffered by International Supply in reliance on the promises of the defendant;

C. damages suffered by the plaintiffs caused by the defendant's breach of the duty of good faith and fair dealing owed to the plaintiffs and by its unfair trade practices;

D. an order requiring specific performance of the agreement between International Supply and the defendant; and

E. punitive damages and reasonable attorneys' fees pursuant to CGS § 42–110g.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), the plaintiffs demand a trial by jury on every issue so triable.

> The plaintiffs, International Supply, LLC and International Framers, LLC
>
> By: /s/ Michael J. Leventhal
>
> Michael J. Leventhal (Fed. Bar: ct03119)
> 49 Huntington Plaza
> Shelton, Connecticut 06484
> email: michael@mjleventhallaw.com
> (203) 712-7176 / facsimile: (203) 712-7243